IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESUS RIVERO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Case No.   12-cv-132-DRH-PMF |
| ) | |
| WENDY J. ROAL, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is petitioner Jesus Rivero's § 2241 petition for a writ of habeas corpus (Doc. Nos. 1, 7, 10).  Rivero, an inmate at USP-Marion, challenges prison disciplinary proceedings resulting in a deprivation of 40 days of good conduct time, 60 days of disciplinary segregation, and a recommendation for disciplinary transfer.  The disciplinary proceedings at issue pertain to the discovery of a weapon while Rivero was housed at FCC-Yazoo City, in Mississippi.  Liberally viewing the allegations in the petition, Rivero raises the following grounds for habeas relief:

> **Ground 1**: That he was deprived of a liberty interest in violation of the Due Process Clause when sanctions were imposed without some evidence that Rivero possessed a weapon found behind a wall outlet;
>
> **Ground 2**: That discipline was imposed in violation of the Due Process Clause and/or the Equal Protection Clause when the reporting employee failed to charge another inmate who was equally responsible for the area where the weapon was found; and
>
> **Ground 3**: That he was deprived of a liberty interest in violation of the Due Process Clause when facts pertaining to the weapon were not investigated.
>
> **Ground 4**: That defects in the disciplinary proceeding were not properly evaluated during administrative review proceedings.

**I.     Background**

Rivero is serving a federal sentence imposed in 2002. The Bureau of Prisons assigns certain responsibilities to prisoners, including the responsibility to keep assigned areas free of contraband. Program Statement 5270.7.[1] Inmates may be disciplined for engaging in certain prohibited acts. 28 C.F.R. § 541.3.

Rivera arrived at the Federal Correctional Complex in Yazoo City, Mississippi, in 2007. Over the next two and one-half years, Rivero was assigned to a number of different cells/cubicles at Yazoo City Low (YAZ) or Yazoo City Medium (YAM) (Doc. No. 7-1, p. 2). The misconduct at issue occurred on March 2, 2010. On that day, Rivera was assigned to Yazoo City Low, a low security facility. Approximately 150 to 175 inmates were assigned to Rivero's housing unit. The inmates were assigned to cubicles. Cubicles are not secure spaces because there are no doors. Cubicles are frequently left unattended and open to other inmates for hours at a time.

On March 2, 2010, Rivera was assigned to C15-046L, a cubicle in "C" House, Range 15 (Doc. No. 7-1, p. 2). At 9:30 a.m., officer S. White, se (Doc. No. 7-1, p. 2) performed a search of Rivero in cubicle 461 in 3BU. After the search, she wrote an incident report charging Rivero with "introduction of a weapon" and gave the following description of the incident:

> On March 2, 2010, at approximately 9:30 a.m., I, Officer S. White was conducting a shakedown of inmate Rivero, Jesus, Reg. No. 67923-004, in cubicle 461. While conducting the search, I observed that the outlet on the wall had been tampered with. At this time, I began inspecting the outlet and I removed the outlet from the wall. I retrieved a 6 ½ round silver piece of metal that had white thread material wrapped around one end and a yellow string tied to the same end. The Operations Lieutenant was notified.

---

[1] While this Program Statement was not submitted by the parties, the policy of assigning this responsibility to inmates is not a matter in dispute.

(Doc. No. 1-1, p. 5). That afternoon, at 2:35 p.m., a copy of the incident report charging Rivera with the prohibited act of "introduction of a weapon" was delivered to Rivero by Lt. Samuel, who advised Rivero about his rights and prepared a report indicating that Rivero made no comment (Doc. No. 1-1, p. 4). Rivero was then reassigned to cubicle Z01-001L (Doc. No. 7-1, p. 2).

The disciplinary charge was referred to Mark Gennaro, a disciplinary hearing officer (DHO). Gennaro held a hearing on March 10, 2010. At the hearing, Rivero denied ownership of the weapon and explained that he did not know how the weapon got behind the outlet cover, who put it there, or how long it had been there. The DHO found Rivero guilty of a different prohibited act, "possession of a weapon." In reaching his decision, the DHO relied on the written description of S. White, a photograph of the homemade weapon, and the portion of Program Statement 5270.07 which assigns responsibility to Rivero to keep his assigned area free of contraband. Sanctions, including disallowance of good conduct time, were imposed (Doc. No. 1-1, p. 2-3).

## II.     Procedural Due Process

A writ of habeas corpus may be granted if an inmate is in custody in violation of the United States Constitution or its laws or treaties. 28 U.S.C. § 2241(c)(3). Inmates are entitled to due process before any of their good time credits, in which they have a liberty interest, are taken away from them. *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir.2011).

The parties agree that Rivero was entitled to the procedural protections recognized in *Wolf v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent v. Hill*, 472 U.S. 445 (1985). Rivero received all procedural rights due if he received (1) advanced notice of the charge, (2) an opportunity to call witnesses and present evidence, and a written decision detailing the evidence relied on and

the reasons for the disciplinary action. *Jones v. Cross*, 637 F.3d at 845. The evidence against Rivero must also be sufficient to support the DHO's determination.

### III. Ground 1 – Insufficient Evidence

For the reasons discussed below, the DHO's finding that Rivero was guilty of possession of a weapon was not supported by some reliable evidence. The DHO relied on three pieces of evidence: S. White's description, a photograph of the homemade weapon discovered by S. White, and Program Statement 5270.07. None of these pieces of evidence links Rivero to the weapon concealed in cubicle 3BU-461.

The evidentiary standard for prison disciplinary proceedings is extremely deferential. The Court looks for "some" evidence that objectively points to Rivero's guilt of the prohibited act. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)(the question is whether there is any evidence in the record that could support the conclusion reached). In finding guilt, the DHO determined that the weapon was concealed in Rivero's assigned space, mentioning "your assigned cube" and "your area" four times (Doc. No. 1-1, p. 2). Yet, none of the evidence presented to the DHO suggests that the weapon was discovered in a space assigned to Rivero. The reporting officer's account reports only that the weapon was found behind a wall outlet during a shakedown of Rivero, performed in cubicle 461 in Unit 3B U (Doc. No. 1-1, p. 5). The reporting officer did not identify that cubicle as Rivero's assigned space and records submitted by respondent show that Rivero was actually assigned to a different cubicle (C15-046L) when the weapon was found.

Even assuming that the DHO was justified in drawing an inference that Rivero was assigned to or otherwise responsible for cubicle 3BU-461, the surrounding circumstances prohibit any reasonable finding of the prohibited act of possession. The weapon was concealed behind a wall

outlet in a space that was accessible to Rivero *and at least 150 other inmates*. Constructive possession will satisfy the "some evidence" standard where several inmates share access to an area where contraband is discovered. *Hamilton v. O'Leary*, 976 F.2d 341, 344 (7th Cir. 1992). The DHO's finding that Rivero was guilty of the prohibited act of possession of a weapon lacks some reliable basis in these particular circumstances.

### IV.     Ground 2 – Disparate Treatment.

Rivero also suggests that he was singled out for disparate treatment. He identifies the wall where the weapon was found as located in a "common area." He believes that the responsibility assigned to him did not include clearing contraband from common areas or that he shared that responsibility with another inmate. He suggests that he was the only inmate charged with misconduct and that the decision not to charge another equally-responsible inmate demonstrates bias, prejudice, and discrimination.

These assertions do not suggest a basis for habeas relief. An official acts with a discriminatory purpose when she singles out a particular group for disparate treatment and selects a course of action for the purpose of causing an adverse effect on that identifiable group. Rivera's assertions do not suggest that he was charged because of his membership in an identifiable group or class. *See New Burnham Prairie Homes, Inc. v. Village fo Burnham*, 910 F.2d 1474, 1481 (7th Cir. 1990). Rather, he was charged because the weapon was discovered at a time when he was being searched. This argument lacks merit.

### V.     Ground 3 – Lack of Investigation

Rivera believes that a true investigation should have been conducted and that all relevant facts and circumstances should have been explored before charges were brought. Prison regulations do provide for an investigation. 28 C.F.R. § 541.5(b). While prisoners may expect prison officials

to follow their own procedures, the regulations themselves do not create a liberty interest or define the procedural requirements of due process. *Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011); *Miller v. Henman*, 804 F.2d 421, 424-26 (7th Cir. 1986). In other words, an investigation is not one of the procedural steps mandated by the by the Due Process Clause. *Wolff v. McDonnell*, 418 U.S. at 563-72. Hence, the absence of a proper investigation does not warrant habeas relief.

### VI.     Ground 4 – Defective Administrative Review

Rivera challenges conclusions supporting administrative decisions made by the Bureau's regional director and general counsel. He feels that his arguments in favor of administrative relief were overlooked or not properly evaluated and that a decision regarding his final appeal was untimely and therefore null and void.

These challenges are not cognizable in a habeas corpus proceeding. Again, habeas relief is available to remedy a violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). While Rivera must exhaust his administrative remedies before habeas relief may be granted, the sufficiency of the administrative responses to his requests for a remedy are not reviewed in this action.

### VII.    Conclusion

IT IS RECOMMENDED that Jesus Rivero's petition (Doc. No. 1) be GRANTED in part and DENIED in part. Habeas relief is warranted on Ground 1, insufficient evidence. The respondent should be directed to (1) restore to Rivero 40 days of disallowed good conduct time and (2) expunge the March 2, 2010, incident report and the March 11, 2010, DHO decision from Rivero's prison record.

SUBMITTED:   October 2, 2012  .

                                      S/Philip M. Frazier
                                      **Philip M. Frazier**
                                      **United States Magistrate Judge**