IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JESUS RIVERO**,

**Plaintiff,**

v.

**WENDY J. ROAL, WARDEN,**

**Defendant.**                                      **No. 12-0132-DRH**

**ORDER**

**HERNDON, Chief Judge:**

Pending before the Court is a Report and Recommendation ('the Report") submitted by Magistrate Judge Philip M. Frazier (Doc. 11). Based on the following, the Court remands this matter to Judge Frazier for further findings.

On October 2, 2012, Judge Frazier entered a Report recommending that Rivero's habeas corpus petition pursuant to 28 U.S.C. § 2241 be granted in part and denied in part (Doc. 12). Specifically, the Report recommended that the Court grant relief on Rivero's claim that he was deprived of a liberty interest in violation of the Due Process Clause when sanctions were imposed without some evidence that Rivero possessed a weapon behind a wall outlet and recommended that the Court deny relief on his other claims. The Report found that "none of the evidence presented to the DHO suggests that the weapon was discovered in a space assigned to Rivero." Further, the Report found that "[e]ven assuming that the DHO was justified in drawing an inference that Rivero was assigned to or otherwise responsible for cubicle 3BU-46l, the surrounding circumstances prohibit any reasonable finding of the

prohibited act of possession." (Doc. 11, p. 4). The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" by October 19, 2012.

On October 12, 2012, respondent filed an objection to the Report stating that the Report contains a mistake of fact as to the cubical 46L, where the weapon was found (Doc. 12). Specifically, respondent contends that the correct facts are that petitioner was assigned to cubical 46L with one other inmate and inside that cubical, behind a wall outlet, Officer White found a weapon and that petitioner lived in that cubical, 46L, for eleven months and at the time the weapon was found he lived there with one other inmate. On November 16, 2012, petitioner filed a response to the objections stating: " Respondent states: 'A weapon was located within the common are the TWO inmates shared.' (Emp [sic] mine). Rivero has always stated this. This is part of his complaint, that the OTHER inmate was NOT charged." (Doc. 16, p. 1). Petitioner further contends that he has proven that Officer's White statement could have not happened that way.

Thus, the Court **REMANDS** the Report to Magistrate Judge Frazier to determine whether the facts upon which the Report was based on are in error and, if so, to determine if the Report needs to be amended.

**IT IS SO ORDERED.**

Signed this 26th day of November, 2012.

Digitally signed by David R. Herndon
Date: 2012.11.26 15:39:25 -06'00'

**Chief Judge
United States District Court**